UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| HOLLY SVENDSEN, JENNIFER SEWELL, BRIAN BEVILL, MOLLI BEVILL, MINDI BEVILL, and ALLYSON LAFOLLETT, <br><br> Plaintiffs, <br><br> v. <br><br> ILLINOIS DEPARTMENT OF PUBLIC HEALTH, ILLINOIS STATE BOARD OF EDUCATION, JAY R. PRITZKER, in his official capacity as GOVERNOR OF THE STATE OF ILLINOIS, BOARD OF EDUCATION FOR ILLINI BLUFFS SCHOOL DISTRICT #327, a body politic and corporate, and ROGER ALVEY, as Superintendent ILLINI BLUFFS SCHOOL DISTRICT #327, <br><br> Defendants. | Case No. 22-cv-1269-JES-JEH |

## ORDER AND OPINION

Plaintiffs Holly Svendsen, Jennifer Sewell, Brian Bevill, Molli Bevill, Mindi Bevill, and Allyson LaFollett, proceed against Defendants Illinois Governor Jay B. Pritzker, the Illinois State Board of Education ("ISBE"), and the Illinois Department of Public Health ("IDPH"), ("State Defendants"); as well as the Board of Education of Illini Bluffs School District #327, and Illini Bluffs Superintendent, Roger Alvey, ("District Defendants"). The State Defendants have a pending motion to dismiss (Doc. 9) ("First Motion"), as do the District Defendants (Doc. 12). Plaintiffs have filed a combined response (Doc. 14) to which the State Defendants have replied (Doc. 17). The State Defendants subsequently filed (Doc. 18), a Supplemental Motion to Dismiss ("Second Motion"), asserting the bar of res judicata. Plaintiffs have responded and, with leave of

1

Court, the State Defendants have replied. For the reasons indicated herein, the Second Motion to Dismiss is hereby DENIED.

## BACKGROUND

Plaintiffs are teachers and staff employed by the School District, who on August 15, 2022, filed a 5-Count complaint in federal court. Plaintiff asserts that Defendant Pritzker's September 3, 2021 Executive Order ("EO") 2021-22[1] mandating Covid-19 vaccination and testing for Illinois public schools staff, and the School District's compliance, violated Title VII of the Civil Rights Act, the Emergency Use Authorization Act ("EUA"), the Illinois Religious Freedom Restoration Act ("IRFRA"), Free Exercise under the U.S. Constitution and Illinois constitution, and Equal Protection under the Fourteenth Amendment to the U.S. Constitution and under the Illinois constitution. Plaintiffs request various preliminary and permanent injunctive relief, declaratory relief, and money damages.

As noted, the State Defendants had filed a prior First Motion to Dismiss which remains pending. Generally, a party must assert all of the defenses in a motion to dismiss, rather than in successive motions. Fed. R. Civ. P. 12(g)(2). At the time Defendants filed the First Motion, however, a related state court case, *Sewell, et al. v. Pritzker, et al.*, Sangamon County Case No. 2021 CH 500012, had not yet been decided. In the interim, *Sewell* has been dismissed with prejudice as moot, by the agreement of the parties. Defendants assert that this has preclusive res judicata effect on the claims here. The Court will entertain Defendants' Second Motion to Dismiss, as Rule 12(g) does not bar a defense which they could not have raised earlier. *Zurich Capital Mkts. v. Coglianese*, 383 F. Supp. 2d 1041, 1049–50 (N.D. Ill. 2005) (Rule 12(g) did not bar the defendants from raising res judicata in successive motion to dismiss where the issue was not ripe when the prior motion was filed.)

---

[1] See Complaint Exhibit A (Doc. 1-1).

In *Sewell*, Defendants had a pending motion to dismiss to which Plaintiffs did not respond, rather, agreeing to the state court dismissal with prejudice. (Doc. 18 at 4). While neither party reveals the basis for the stipulated dismissal and the state court's mootness finding, this Court is aware that on September 17, 2021, the subject EO was amended by EO 2021-24, and no longer required Covid-19 vaccination and testing in the public schools.[2] As the mandate no longer applied, and as Plaintiffs' requested state court relief was limited to relief from the mandate, it is presumed that this was the basis for the Agreed Order and the mootness finding.

The State Defendants assert that the judgment in *Sewell* was final, with the result that Plaintiffs' Complaint here is procedurally barred. A review of the state case reveals that on November 3, 2021, the *Sewell* Plaintiffs, the same Plaintiffs as in the federal case,[3] filed an Amended Petition for Declaratory Relief and Writ of Injunction in Peoria County. (Doc. 16-3). They named the same State and District Defendants, contesting the legality of the mandatory vaccination and testing policies. The Illinois Supreme Court consolidated *Sewell* with nine other related cases and transferred them to the Sangamon County State Court.

On November 3, 2022, Sangamon County Judge Jennifer Ascher entered an order on *Sewell*, finding all claims moot, and that no exception to mootness applied. Judge Ascher entered an order with the agreement of the parties, dismissing the case with prejudice. *See* Order reproduced below:

AGREED ORDER DISMISSING
PLAINTIFFS' CLAIMS AGAINST ALL DEFENDANTS

> Having considered the positions of the parties and being fully advised, the Court hereby finds that the claims against the above-named Defendants in the above-captioned action are moot, and that no exception to mootness applies. *See. e.g., Austin v. Bd. of Educ.*, 2022 IL App (4th) 220090-U, ¶ 6. By agreement of

---

[2] https://www.illinois.gov/government/executive-orders/executive-order.executive-order-number-24.2021.html.
[3] Allyson LaFollet, not originally named a Plaintiff, was given leave to intervene in the state court case on November 24, 2021. (Doc. 16-2 at 3-4).

>Plaintiffs, the State Parties, the District, and Dr. Roger Alvey, all claims against the State Parties, the District, and Dr. Roger Alvey are dismissed with prejudice.

(Doc. 18-1). The second page contains the language, "Agreed as to Form and Substance," and is signed by Plaintiffs' and Defendants' respective counsel. The November 3, 2022 dismissal left the parties 30 days in which to appeal. Ill. Sup. Ct. R. 303(a)(1). When no appeal was filed, the judgment became final on December 6, 2022. *See Robertson v. Winnebago Cnty. Forest Preserve Dist.*, 301 Ill. App. 3d 520, 528 (2d Dist. 1998).

Defendants assert that res judicata attaches under the terms of the Agreed Order, as there was a final adjudication on the merits due to the with-prejudice dismissal for mootness; and that Plaintiffs are bound by their stipulation and agreement. Plaintiffs dispute this, asserting both that a finding of mootness is not a final adjudication on the merits, and the Agreed Order did not, and was not intended, to finally dispose of all claims so as to have been a final adjudication on the merits.

## STANDARDS

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *McGowan v. Hulick*, 612 F.3d 636, 637 (7th Cir. 2010) (courts accept factual allegations as true and draws all reasonable inferences in plaintiff's favor). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are

entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 679.

Res Judicata, the "claim preclusion doctrine," provides that a final judgment on the merits rendered by a court of competent jurisdiction will bar any subsequent action between the same parties, or their privies, on the same cause of action. Federal courts are required, under the Full Faith and Credit Act, 28 U.S.C. § 1738, "to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 466 (1982); *Hayes v. City of Chi.*, 670 F.3d 810, 813 (7th Cir. 2012). Res judicata is meant to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Warren v. McCall*, 709 F.2d 1183, 1184 (7th Cir. 1983).

In Illinois, claim preclusion will bar "relitigation of claims that were—or could have been—determined in an earlier proceeding where the first suit resulted in a final decision on the merits, the same transaction or occurrence underlies both actions, and those actions involve the same parties. *Ruhl v. Hardy*, 692 Fed. Appx. 295, 296 (7th Cir. 2017). Res judicata prevents a party "splitting a single cause of action [or] ... using ... several theories of recovery as the basis for separate suits." *Alvear-Velez v. Mukasey*, 540 F.3d 672, 677 (7th Cir. 2008) (internal citation omitted). *Green v. Northwest Community Hospital*, 401 Ill. App. 3d 152 (1st Dist. 2010); (a plaintiff cannot sue for part of a claim in one action and sue for the remainder in another action). *Manicki v. Zeilmann*, 443 F.3d 922, 924 (7th Cir. 2006) ("[T]he Supreme Court of Illinois made clear that ... a plaintiff is not permitted to slice up his claim into little pieces and make each the subject of a separate lawsuit based on slightly different evidence.").

## ANALYSIS

In examining whether a state court judgment is preclusive, a federal court must determine: (1) whether the doctrine of res judicata applies under state law; and (2) whether there was an opportunity to fully and fairly litigate the federal claims in state court. *Kremer*, 456 U.S. at 481-82; *Garcia v. Vill. of Mount Prospect*, 360 F.3d 630, 634-35 (7th Cir. 2004). Accordingly, this Court must apply Illinois law to determine the res judicata issue. *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883 (Ill. 1998).

In reviewing the issue of claim preclusion, the Court is to undertake a three-step analysis to determine: (1) whether a court of competent jurisdiction rendered a final judgment on the merits in the prior proceedings; (2) whether there is an identity of the causes of action; and (3) whether there is an identity of parties or their privies. Only if these elements are present does the Court consider whether Plaintiff had the opportunity to litigate these claims in the prior proceeding. *Kremer*, 456 U.S. at 481-82. Taking the third element out of order, it is clear that there is an identity of the parties as the same Plaintiffs and Defendants are named in the state and federal cases. The Court will now consider the second element, whether there is an identity of the causes of action.

In Illinois, an identity of the causes of action is a prerequisite to the application of res judicata. "A cause of action is defined by the facts which give the plaintiff a right to relief. While one group of facts may give rise to a number of different theories of recovery, there remains only a single cause of action." *Highland Park*, 703 N.E.2d at 892. To make this determination, Illinois uses a transactional analysis under which "separate claims will be considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *Id*. at 893.

Defendants do not particularly develop the identity of the causes of action in the Second Motion. Rather, they refer to the First Motion (Doc. 16 at 7-9), where they discussed the causes of action pled in this case and *Sewell. See* (Doc. 16 at 9):

> The allegations made and claims raised in the *Sewell/LaFollett* complaints arise from the same single group of operative facts as the claims raised in this case. Both cases involve the following operative facts: plaintiffs are employed by the District, they are required to be vaccinated or tested for Covid-19 by virtue of District policy and the Governor's Executive Order, they object to being vaccinated and tested for Covid-19 because of a religious or moral belief, and they believe that Illinois law affords them certain process before they can be forced to be vaccinated or tested for Covid-19.

Defendants note that Plaintiffs did not dispute this in their response to the First Motion, or in response to the Second Motion, where they offer only a single page of Argument.

"Two claims are one for the purposes of res judicata if they are based on the same, or nearly the same, factual allegations." *Grdinich v. Plan Comm'n for Town of Hebron Indiana*, No. 18-146, 2020 WL 3868704, at *2 (N.D. Ind. July 9, 2020) (citing *Czarniecki v. City of Chi.*, 633 F.3d 545, 550 (7th Cir. 2011). While Plaintiffs do not address the identity of the causes of action, they made a single comment in their response to the First Motion to the effect that they did not have an opportunity to assert all of their constitutional claims in the state court proceedings. (Doc. 14 at 3). There, Plaintiffs had asserted that absent legislative action, the Governor lacked the authority to issue the EO, that it violated public policy and violated the Illinois Health Care Right of Conscience Act ("HCRCA"), 745 ILCS 70/3 et seq. Plaintiffs reassert essentially the same facts in the federal complaint, alleging that they resulted in violations of Title VII, the EUA, the IRFRA, Free Exercise and Equal Protection.

Despite Plaintiffs' statement to the contrary, it is well-established that "Illinois courts are constitutionally adequate forums for the litigation of federal constitutional and statutory claims, unless federal law has vested jurisdiction exclusively in the federal courts." *Hunziker v. German-*

7

*Am. State Bank*, 697 F. Supp. 1007, 1014 (N.D. Ill. 1988), *aff'd,* 908 F.2d 975 (7th Cir. 1990) (finding res judicata applied to claims which could have been but were not raised in state court). "Civil Rights actions are not matters of exclusive federal jurisdiction. Therefore, any [federal] claims advanced here could have been raised in the state replevin proceedings." *See Severino v. Freedom Woods, Inc.*, 941 N.E.2d 180, 188 (Ill. App. Ct. 1st Dist. 2010) ("*res judicata* will bar not only every matter that was actually determined in the first suit, but also every matter that might have been raised and determined in that suit."). As Defendants note without response, "[t]he state court would certainly have jurisdiction over Plaintiffs' claims based on state law, including the Healthcare Right of Conscience Act, the Illinois Religious Freedom Restoration Act, and the Illinois Department of Public Health Act. Additionally, federal and state courts have concurrent jurisdiction over Title VII claims. Regarding Plaintiffs' final claim alleging a violation of the Food, Drug and Cosmetics Act, [EUA claim] there is no private cause of action in either state or federal court." *See* (Doc. 18 at 4 n.3) (internal citation omitted).

Plaintiffs offer nothing to explain why they did not assert the federal claims in state court and fail to refute Defendants' res judicata claim based on the identity of the causes of action between the two cases. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (finding when a litigant fails to respond to an issue raised in a motion to dismiss, he has waived it). As a result, the second element of res judicata is met.

The Court now considers the final res judicata element; whether the *Sewell* state court proceedings amount to a final adjudication on the merits so as to have a preclusive effect. Defendants assert two arguments to support this. The first is that in Illinois, a dismissal with prejudice is a final adjudication on the merits. (Doc. 18 at 4) (citing *Rogaris v. Oliver*, 246 Ill. App. 3d 876, 881 (1st Dist. 1993) ("[A] dismissal with prejudice constitutes an adjudication on

the merits which bars the plaintiff from maintaining another action on the same claim."). The second is that res judicata will apply to a party's agreement or consent to dismiss with prejudice as was done in the Agreed Order.

As to the first argument, Plaintiffs assert that there could not have been a final adjudication on the merits as, after the mootness finding, the state court would have been without jurisdiction to enter a final judgment granting injunctive relief. (Doc. 19 at 3-4). *See LaSalle Nat. Bank, N.A. v. City of Lake Forest*, 696 N.E.2d 1222, 1227 (Ill. App. Ct. 2d Dist. 1998) (noting, "an issue is moot if an actual controversy no longer exists between the parties and the interests and rights of the parties are no longer in controversy.") (citing *Indlecoffer v. Village of Wadsworth,* 282 Ill.App.3d 933, 938–39). However, Plaintiffs cite no caselaw and offer nothing to support that the state court's mootness finding did not amount to a final adjudication on the merits.

For their part, Defendants cite a single case to support that the mootness finding was a final adjudication on the merits, *Pekin Ins. Co. v. St. Paul Lutheran Church*, 2016 IL App (4th) 150966, ¶¶ 84–85. In *Pekin*, the court considered a declaratory judgment action brought by Pekin Insurance, seeking a ruling that another insurer was liable for the Defendant Church's loss. The issue was determined unripe and dismissed as moot as there had not yet been a demand for Pekin Insurance to indemnify the loss. The claim was initially dismissed without prejudice, but upon reconsideration, dismissed with prejudice. Pekin appealed, arguing that where a declaratory judgment was premature, it should be dismissed without prejudice. *Id*. at 955.

The appellate court found the form of the dismissal irrelevant, as whether the dismissal for unripeness was with or without prejudice, there would be no res judicata bar to refiling the declaratory judgment. The court stated:

9

> The dismissal of a declaratory-judgment complaint with prejudice, on the ground of unripeness, would not bar the plaintiff from later bringing a declaratory-judgment action that has since become ripe. *Res judicata* would be inapplicable because the complaint in the subsequent declaratory-judgment action would allege facts that the complaint in the previous declaratory-judgment action did not and could not have alleged, namely, facts establishing that the declaratory-judgment action now is ripe. . . .From one action to the other, there would be 'different sets of operative facts'—and hence no *res judicata*.

*Id*. at 956 (internal citations omitted).

The *Pekin* court made its finding in the context of declaratory judgment, not injunctive relief, and specifically found that a dismissal with prejudice would not invoke res judicata so as to bar refiling. It is not clear that the court would have upheld the dismissal with prejudice if it would have had a preclusive effect. Defendants ask the Court to adopt the *Pekin* analysis and extend it to injunctive relief, but not to adopt the ultimate result, which left the plaintiff with a future opportunity to relitigate. Defendants do not cite any authority where res judicata was applied to mooted injunctive relief. They cite only *Pekin* which involved a not-yet-ripe declaratory judgment claim where res judicata was not at issue.

Neither party addresses the body of Illinois law which establishes the contrary, that a mootness finding is generally not considered a final adjudication on the merits. *See Johnson v. Du Page Airport Auth.*, 644 N.E.2d 802, 808–09 (Ill. App. Ct. 2d Dist. 1994) (overturning dismissal with prejudice for mootness) ("[T]he law of this State is clear that a cause deemed moot "will not be *res judicata,* since there is no judgment on the merits." (internal citations omitted); *Gassman v. Clerk of the Circuit Court of Cook Cnty.*, 71 N.E.3d 783, 792 (Ill. App. Ct. 1st Dist. 2017) ("A mootness finding is not a judgment on the merits and will not support a finding of *res judicata* in a future case.").

Here, Defendants have failed to support that the *Sewell* dismissal for mootness amounted to a final adjudication on the merits. The Court will now consider the additional argument, that

Plaintiffs' stipulation to a dismissal with prejudice is binding as a final adjudication on the merits. Plaintiffs deny that the Agreed Order can be so construed as it did not specify a disposition or settlement of the disputed claims, did not specify an intent to abandon the federal case, and did not detail the respective rights of the parties. (Doc. 19 at 3-4). Plaintiffs, true to form, do not cite any caselaw in support.

Defendants disagree, citing caselaw which provides that an agreed order is "to be interpreted as any other contract." *Vill. of Lakemoor v. First Bank of Oak Park*, 136 Ill. App. 3d 35, 41-42 (2d Dist. 1985); and *H.A.L. NY Holdings, LLC v. Guinan*, 958 F.3d 627, 634 (7th Cir. 2020). Neither case is directly on point, however, as *Lakemoor* concerned a contempt finding based on defendant's failure to comply with an agreed order where res judicata was not at issue. The *H.A.L.* case concerned an unsatisfied consent judgment to which res judicata applied, but there, the consent judgment "incorporated the terms of the parties' agreement." *H.A.L.*, 958 F.3d at 633 (citing *Arlin-Golf, LLC v. Village of Arlington Heights*, 631 F.3d 818 (7th Cir. 2011) (voluntary dismissal with prejudice pursuant to settlement agreement was res judicata under Illinois law); *Majeske v. Fraternal Order of Police, Local Lodge No. 7*, 94 F.3d 307, 312–14 (7th Cir. 1996) (federal courts to give preclusive effect to state court judgment incorporating a settlement agreement, even though not the "result of full litigation on the merits."); *Torres v. Rebarchak*, 814 F.2d 1219, 1223 (7th Cir. 1987) (under Illinois law, "*res judicata* applies even if the dismissal was the result of a settlement or compromise between the parties").

Here, unlike the cited cases, the Agreed Order did not specify any settlement terms or outline the respective rights of the of the parties. *Centrue Bank v. Voga*, 159 N.E.3d 544, 551 (Ill. App. Ct. 2d Dist. 2020) (finding that agreed orders, consent orders, and consent decrees "more akin to a settlement than a judicial determination of the parties' rights . . ." (internal citations

omitted); *In re Marriage of Tutor*, 956 N.E.2d 588, 593 (Ill. App. Ct. 2d Dist. 2011) (an agreed bankruptcy order was not a final judgment on the merits for purposes of res judicata). Here, Defendants fail to sufficiently support that this federal case is subject to res judicata based on the *Sewell* state court proceedings.

## CONCLUSION

For the reasons set forth above, the State Defendants' Second Motion to Dismiss (Doc. 18) is DENIED.

Entered on this 2nd day of February, 2023.

s/James E. Shadid
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE
