UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| HOLLY SVENDSEN, JENNIFER SEWELL, BRIAN BEVILL, MOLLI BEVILL, MINDI BEVILL, and ALLYSON LAFOLLETT,<br><br>Plaintiffs,<br><br>v.<br><br>ILLINOIS DEPARTMENT OF PUBLIC HEALTH, ILLINOIS STATE BOARD OF EDUCATION, JAY R. PRITZKER, in his official capacity as GOVERNOR OF THE STATE OF ILLINOIS, BOARD OF EDUCATION FOR ILLINI BLUFFS SCHOOL DISTRICT #327, a body politic and corporate, and ROGER ALVEY, as Superintendent ILLINI BLUFFS SCHOOL DISTRICT #327,<br><br>Defendants. | Case No. 22-cv-1269-JES-JEH |

## ORDER AND OPINION

Plaintiffs Holly Svendsen, Jennifer Sewell, Brian Bevill, Molli Bevill, Mindi Bevill, and Allyson LaFollett, proceed against Defendants Illinois Governor Jay B. Pritzker, the Illinois State Board of Education ("ISBE"), and the Illinois Department of Public Health ("IDPH"), ("State Defendants"); as well as the Board of Education of Illini Bluffs School District #327, and Illini Bluffs Superintendent, Roger Alvey, ("District Defendants"). The State Defendants have filed a Motion to Dismiss ("First Motion"), and accompanying Memorandum (Doc. 9, 10). The District Defendants also filed a Motion to Dismiss and accompanying Memorandum (Doc. 12, 16). Plaintiffs have filed a combined response (Doc. 14) to which the State Defendants have replied (Doc. 17).

The State Defendants subsequently filed (Doc. 18), a Supplemental Motion to Dismiss ("Second Motion") on the grounds of res judicata which was denied on February 2, 2023. The Court, for the reasons indicated herein, hereby GRANTS the State and District Defendants' Motions to Dismiss (Doc. 9 and 12).

## BACKGROUND

On September 3, 2021, Governor Pritzker issued Executive Order ("EO") 2021-22[1], requiring individuals employed as teachers or staff in Illinois public schools to be vaccinated against Covid-19 or regularly tested for Covid-19 if they were not vaccinated. The ISBE and IDPH issued joint guidance which was adopted by the District Defendants. The Plaintiffs, District teachers and staff, filed a 5-Count complaint on August 15, 2022, alleging that these policies infringed upon their sincerely held religious beliefs. Plaintiffs asserted violations of Title VII of the Civil Rights Act, the Emergency Use Authorization Act ("EUA"), the Illinois Religious Freedom Restoration Act ("IRFRA"), Free Exercise under the U.S. Constitution and Illinois constitution, and Equal Protection under the Fourteenth Amendment to the U.S. Constitution and under the Illinois constitution. Plaintiffs request declaratory relief, preliminary and permanent injunctive relief, and money damages against all Defendants.

On September 17, 2021, EO 2021-22 was amended by EO 2021-24 and the public school mandate for Covid-19 vaccination and testing was not renewed.[2] The State and District Defendants assert that as the mandate no longer applies, Plaintiffs' request for injunctive relief is moot. Defendants also assert that Plaintiffs' complaint violates the Illinois rule against claims splitting, based on a related state court case involving the same parties, *Sewell, et al. v. Pritzker, et al.*, Sangamon County Case No. 2021 CH 500012. Defendants further argue that the Title VII

---

[1] See Complaint Exhibit A (Doc. 1-1).
[2] https://www.illinois.gov/government/executive-orders/executive-order.executive-order-number-24.2021.html.

claim must be dismissed for various reasons, principal among them, the failure to exhaust administrative remedies. In addition, the State Defendants assert as to Counts III, IV, and V directed against them, that Plaintiffs do not have a viable EUA claim as the Covid-19 vaccine has full FDA approval; the recent amendment to the HCRCA does not violate the IRFRA, Free Exercise, Equal Protection and Due Process under the U.S. Constitution and Illinois constitution; and the State Defendants have Eleventh Amendment Sovereign Immunity as to Plaintiffs' IRFRA and Due Process claims.

## STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *McGowan v. Hulick*, 612 F.3d 636, 637 (7th Cir. 2010) (courts accept factual allegations as true and draws all reasonable inferences in plaintiff's favor). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 679.

## ANALYSIS

<u>Claims Splitting</u>

As noted, the State and District Defendants have each asserted the Illinois rule against claims splitting, referencing the *Sewell* case which was unresolved at the time the motions were filed. *Sewell* was concluded in state court on November 3, 2021, and the State Defendants

subsequently filed a Second Motion to Dismiss, ("Second Motion"), asserting that *Sewell* barred the federal action under the doctrine of res judicata. While the Court has addressed this in a prior order, for clarity's sake and as res judicata and claims splitting have elements in common, it will repeat some of its findings here.

On November 3, 2021, the *Sewell* Plaintiffs, the same Plaintiffs as in this case,[3] filed a Complaint in Peoria County requesting declaratory and injunctive relief. (Doc. 16-3). The Complaint identified the same State and District Defendants, contesting the mandatory vaccination and testing policies. The Illinois Supreme Court consolidated *Sewell* with nine other related cases and transferred to the Sangamon County State Court. On November 3, 2022, Sangamon County Judge Jennifer Ascher entered an Agreed Order which had been stipulated to by the parties, finding all claims moot and that no exception to mootness applied, dismissing the case with prejudice. *See* (Doc. 18-1). It appears that the mootness finding was premised on EO 2020-24 in which the public school Covid-19 vaccine and testing mandate was allowed to lapse. The ruling became final on December 6, 2022, when no appeal was filed. Ill. Sup. Ct. R. 303(a)(1); *Robertson v. Winnebago Cnty. Forest Preserve Dist.*, 301 Ill. App. 3d 520, 528 (2d Dist. 1998).

After the *Sewell* case was decided, Defendants filed their Second Motion, asserting the res judicata defense. Res judicata will bar a subsequent lawsuit "if there is (1) an identity of the parties in the two suits; (2) a final judgment on the merits in the first; and (3) an identity of the causes of action." *Cooper v. Retrieval-Masters Creditors Bureau, Inc.*, 42 F.4th 688, 696 (7th Cir. 2022) (citing *Barr v. Board of Trustees of Western Illinois Univ.*, 796 F.3d 837, 839 (7th Cir. 2015)). The Court found an identity of the parties and causes of action between this case and

---

[3] Allyson LaFollet, not originally named a Plaintiff, was given leave to intervene in the state court case on November 24, 2021. (Doc. 16-2 at 3-4).

4

*Sewall,* a finding that is the law of the case and applies as to this motion as well. *See Rekhi v. Wildwood Indus., Inc.*, 61 F.3d 1313, 1317-18 (7th Cir. 1995) (law of the case "limits redetermination of rulings made earlier *in the same lawsuit.*" (citing *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 816 (1988)).

However, the Court denied the res judicata motion, finding that one of the three elements was lacking; that the state court dismissal for mootness did not represent a final adjudication on the merits. *See Johnson v. Du Page Airport Auth.*, 644 N.E.2d 802, 808–09 (Ill. App. Ct. 2d Dist. 1994) (overturning dismissal with prejudice for mootness) ("[T]he law of this State is clear that a cause deemed moot "will not be *res judicata,* since there is no judgment on the merits." (internal citations omitted); *Gassman v. Clerk of the Circuit Court of Cook Cnty.*, 71 N.E.3d 783, 792 (Ill. App. Ct. 1st Dist. 2017) ("A mootness finding is not a judgment on the merits and will not support a finding of *res judicata* in a future case.").

The Court's denial of the res judicata motion does not necessarily foreclose the claims splitting defense, as claims splitting is viewed as separate and distinct from res judicata. *Scholz v. United States*, 18 F.4th 941, 951 (7th Cir. 2021) ("[C]laim splitting draws on the law of claim preclusion [and] . . . is related to, but distinct from, the doctrine of claim preclusion." *Id*. (citing *Roumann Consulting Inc. v. Symbiont Constr., Inc.*, No. 18-1551, 2019 WL 3501527, at *6 (E.D. Wis. Aug. 1, 2019). *See also*, *Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011) ("[T]he claim-splitting doctrine does not fall within a conventional res judicata analysis. . . The rule against duplicative litigation is distinct from but related to the doctrine of claim preclusion or *res judicata.*" (citing *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (7th Cir. 2000)).

"The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit. By spreading claims around in multiple

5

lawsuits in other courts or before other judges, parties waste 'scarce judicial resources' and undermine 'the efficient and comprehensive disposition of cases.'" *Katz*, 655 F.3d at 1217 (citing *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.,* 296 F.3d 982, 985 (10th Cir. 2002)). While a final judgment on the merits is necessary for res judicata, only two of the requirements are necessary for claims splitting; an identity of the parties in the two suits, and an identity of the causes of action. *Cooper*, 42 F.4th at 696 (citing *Barr*, 796 F.3d at 839). Claims splitting will apply even where there has not been a final adjudication on the merits. *Scholz v. United States*, 18 F.4th 941, 952 (7th Cir. 2021) (citing *Katz*, 655 F.3d at 1218). "Given the toll on a court's docket, the rule does not impose the more stringent requirement of a final judgment." *Katz*, 655 F.3d at 1219.

In support of the First Motion now before the Court, Defendants referenced the then-ongoing *Sewell* case, asserting two theories; that the Plaintiffs' complaint should be dismissed for claims splitting, and the matter should be dismissed or stayed under the *Colorado River* abstention doctrine.[4] Plaintiffs have responded to the *Colorado River* argument but have made no response to the claims splitting argument. In their response to the abstention argument, however, Plaintiffs make a bare statement which, if generously read, could apply to claims splitting. Plaintiffs assert, "numerous causes of action set forth within the state court proceedings are not pled, as well as could not be pled, within the state proceedings in any capacity given the state court's lack of jurisdiction over such matters." (Doc. 14 at 3). Plaintiffs do not identify any matters which ostensibly could not have been litigated in the state court, merely referring back to the complaint without further explanation

---

[4] *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Under the *Colorado River* abstention doctrine, a federal court may, under "exceptional circumstances," dismiss or stay a federal action while related state court proceedings are being conducted. *Freed v. JPMorgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2014) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)).

Plaintiffs' statement that they could not have brought all of their claims in state court is incorrect as determined by the Court in its recent order on Defendants' Second Motion. There, applying a res judicata analysis, the Court cited caselaw which provides "*res judicata* will bar not only every matter that was actually determined in the first suit, but also every matter that might have been raised and determined in that suit." *See* (Doc. 22 at 8) (citing *Severino v. Freedom Woods, Inc.*, 941 N.E.2d 180, 188 (Ill. App. Ct. 1st Dist. 2010). The Court found that, while Plaintiffs asserted different theories in the federal case, they could have pled these same theories in state court. The Court stated:

> As Defendants note without response, "[t]he state court would certainly have jurisdiction over Plaintiffs' claims based on state law, including the Healthcare Right of Conscience Act, the Illinois Religious Freedom Restoration Act, and the Illinois Department of Public Health Act. Additionally, federal and state courts have concurrent jurisdiction over Title VII claims. Regarding Plaintiffs' final claim alleging a violation of the Food, Drug and Cosmetics Act, [EUA claim] there is no private cause of action in either state or federal court."

(Doc. 22 at 8) (citing Doc. 18 at 4 n.3).

In this prior order, the Court concluded, "Plaintiffs offer nothing to explain why they did not assert the federal claims in state court and fail to refute Defendants' res judicata claim based on the identity of the causes of action between the two cases." While this finding was made in a res judicata context, this same element is part of a claims splitting analysis. *See Elmhurst Lincoln-Mercury, Inc. Employees 401(k) Profit Sharing Plan & Tr. v. Mears*, 215 F. Supp. 3d 659, 665–66 (N.D. Ill. 2016) ("[T]he principle that res judicata prohibits a party from later seeking relief on the basis of issues which might have been raised in a prior action also prevents a litigant from splitting a single cause of action into more than one proceeding."). Furthermore, the Court's finding that there is an identity of both the parties and the causes of action is "law of the case"

7

and binding. *Rekhi*, 61 F.3d at 1317-18. For these reasons, Plaintiffs cannot dispute the identity of the causes of action to avoid the claims splitting bar.

"[T]he claim-splitting rule exists to allow district courts to manage their docket and dispense with duplicative litigation." *Katz*, 655 F.3d at 1218-19. It also serves to prevent a defendant "'l[ying] in wait silently until one of the two actions is brought to judgment to ambush the plaintiff and defeat the other action.'" *Katz*, 655 F.3d at 1218 (quoting *Hartsel,* 296 F.3d at 985). Plaintiffs can complain of no such ambush here, as Defendants filed the subject motion while *Sewell* was pending. In other words, Plaintiffs were aware that the defense was asserted and had an opportunity which they did not take, to amend *Sewell* to add the Title VII, EUA, IRFRA, Free Exercise and Equal Protection claims at issue here. Rather than doing so, Plaintiffs stipulated to a dismissal with prejudice and now seek to proceed here against the same Defendants, on the same set of operative facts, asserting additional theories of relief. However, simply changing the legal theory, while asserting "the same transaction or events underlying a previous suit," is not enough to escape the rule against claim splitting and such a suit "cannot be maintained." *Scholz*, 18 F.4th at 951 (quoting *Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010)).

"In a nutshell, the doctrine of claim splitting applies when the first suit would preclude the second suit but for the fact that no final judgment has been entered in the first suit." *Roumann*, 2019 WL 3501527, at *1 (citing *Katz*, 655 F.3d at 1217–19). Here, of course, final judgment on *Sewell* has been entered in the interim, but at least one court has found that claims splitting will apply if the underlying case remained undecided at the time the issue was briefed. *See Am. Seeds, LLC v. Daily Feed & Grain, Inc.*, No. 16-00371, 2018 WL 397238, at *7 (S.D. Ind. Jan. 12, 2018) (making claim splitting finding where the state court case had either not yet reached a final adjudication, "or at least had not at the time of these parties' submissions.").

The Court has "'significant latitude' and 'broad discretion to dismiss a complaint for reasons of wise judicial administration ... whenever it is duplicative of a parallel action already pending in another federal court.'" *Scholz*, 18 F.4th at 951 (citing *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 888–89 (7th Cir. 2012)). The issue of claims splitting has been eloquently framed in *Elmhurst Lincon-Mercury*, 215 F. Supp. 3d at 665–66. "Plaintiffs hope that more suits will improve their chances: they seek the better of the outcomes. To discourage the tactic, judges award plaintiffs not the better outcome but the first outcome: whichever suit goes to judgment first is dispositive, and the doctrine of claim preclusion (res judicata) requires the other court to dismiss the litigation. Instead of improving plaintiffs' chances, claim-splitting reduces them."

In an effort to provide a thorough analysis, the Court has examined Plaintiffs' bare statement that they could not have filed the federal claims in state court, although they did not offer this, or any argument to dispute the claims splitting argument. As Plaintiffs made no response, any objection is waived. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (finding when a litigant fails to respond to an issue raised in a motion to dismiss, he has waived it). The Court hereby dismisses the complaint due to the violation of the Illinois rule against claims splitting, and Plaintiffs' waiver. Due to this dismissal, the Court need not consider the parties' additional arguments. Defendants' motions to dismiss (Doc. 9, 12) are GRANTED.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss (Doc. 9, 12) are GRANTED. This case is dismissed and closed.

Entered on this 3rd day of February, 2023.

                                                s/James E. Shadid
                                                JAMES E. SHADID
                                    UNITED STATES DISTRICT JUDGE